**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NIGEL RAY LACHEY,

    Plaintiff - Appellant,

v.

JANE C. LEVY; RACHELLE
KLUMP,

    Defendants - Appellees.

No. 21-2156
(D.C. No. 1:21-CV-01093-RB-LF)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK,** and **McHUGH**, Circuit Judges.[**]

---

Plaintiff Nigel Lachey, appearing *pro se*, appeals the district court's dismissal of his amended civil rights complaint. *See* 42 U.S.C. § 1983. The court dismissed the amended complaint on the basis of absolute immunity. We exercise jurisdiction under 28 U.S.C. § 1291 and summarily affirm. The amended complaint alleges Defendants, New Mexico state district judge Jane Levy and state hearing officer

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining Defendant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Rachelle Klump, deprived Plaintiff of due process of law when they declined to admit into evidence in a state child-support proceeding a notarized statement from Plaintiff's ex-wife stating Plaintiff would not be required to pay her child support. According to Plaintiff, Defendants illegally "denied admission of evidence . . . that meets the 'self-authenticating' evidence rules of the state of New Mexico NMRA 11-902(2)."  Plaintiff's amended complaint seeks both actual and punitive damages against Defendants.

Plaintiff's federal complaint likely fails for any number of reasons.[1]  But, as the district court held, it undoubtedly fails based on the doctrines of absolute judicial and quasi-judicial immunity.  The Supreme Court has recognized the absolute immunity of judges from civil damage lawsuits for conduct within their judicial function.  *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).  And the Tenth Circuit has recognized that hearing officers acting in a quasi-judicial fashion enjoy the same absolute immunity as judges.  *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).  Only a complaint that alleges facts suggesting a defendant judge or hearing officer was not acting in a judicial or quasi-judicial capacity can overcome a motion to dismiss based on absolute immunity.  *Id.* at 1033–34.  The facts alleged in

---

[1]  The record is unclear whether Plaintiff is seeking or has sought relief from his child-support obligation in the New Mexico appellate courts by way of direct appeal.  Therefore, we do not consider the applicability of the *Rooker-Feldman* doctrine to Plaintiff's lawsuit.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

Plaintiff's amended complaint make no such suggestion; rather they suggest quite the contrary. A decision on the admissibility of evidence in judicial and quasi-judicial proceedings is an integral part of the judicial process and renders the decision-maker absolutely immune from suit based on such decision. *Benavidez v. Howard*, 931 F.3d 1225, 1234 (10th Cir. 2019) (Baldock, J., concurring) (setting forth the law as to when absolute immunity protects a public official involved in litigation).

Accordingly, Plaintiff's motion to proceed on appeal *in forma pauperis* is granted and the judgment of the district court dismissing his amended complaint is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

3